UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

    Plaintiff,

v.

DANIEL RYAN,

    Defendant.

Case No. 20-cr-00209-RS-1

**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

## I. INTRODUCTION

Defendant Daniel Ryan moves for early termination of supervised release. Ryan was sentenced to 27 months of imprisonment and a three-year term of supervised release for his conviction for possession with intent to distribute MDMA and importation of MDMA. After serving his term of imprisonment, he began his supervised release term in August 2019, and has since served over two thirds of his term of supervised release. Ryan has made a commendable transition to the community, with no violations of the conditions of his supervised release and a burgeoning career in the technology field. For the foregoing reasons, his motion for early termination of supervised release is granted.

## II. BACKGROUND

In 2017, Ryan pled guilty to two counts, possession with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1), and importation of MDMA, in violation of 21 U.S.C. § 952. Ryan's crime and prosecution took place in the District of Idaho. That same year, Judge Winmill

of the District of Idaho sentenced Ryan to 27 months of incarceration on each count, to be served concurrently, followed by three years of supervised release. During his incarceration, Ryan completed the in-custody portion of the Bureau of Prisons ("BOP") Residential Drug Abuse Program. Ryan also completed 21 classes while in BOP, earning 99 college credits. Ryan was released to a halfway house in August 2019. The initially recommended release date was months earlier, in December 2018, but his release was delayed due to halfway house overcrowding. Ryan has performed well on supervised release. He has had no violations, maintained stable housing, and has secured employment.

Ryan filed this motion for early termination of supervised release on June 30, 2021. Ryan seeks early termination of supervised release so that he may travel more freely. He cites a desire to travel to see family and to travel for work. He is a dual citizen of the United States and Brazil, and wishes to travel to Brazil to see family he has not seen since he was prosecuted for the instant offense, including his mother and grandmother. Additionally, Ryan is considering moving to an area where he has family members, such as San Diego, Phoenix, or Texas. Further, his employer has discussed transitioning Ryan into a role that requires more travel. Ryan wishes to be able to travel for work without going through what he characterizes as "time-consuming procedures that restrict his ability to act swiftly for employment opportunities." Def. Reply in Support of Motion, Dkt. 13, at 5. Further, Ryan hopes to avoid the stigma of informing his employer he is on supervised release, which he may need to do if he faces barriers to travel due to the conditions of supervised release.

The government opposes Ryan's motion for early termination of supervised release. The government notes that in the sentencing hearing before Judge Winmill, Ryan argued that his relative youth and his still-developing ability to foresee long-term consequences supported a downward departure. The government argues that these same reasons support the need to maintain the three-year supervised release term. Notably, the government does not point to any deficiency in terms of Ryan's conduct in prison or performance while on supervised release.

### III.  LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires a court to consider the factors set forth in § 3553(a), including "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002)).  After considering such factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  A defendant bears the "the burden of showing that he is entitled to early termination." *United States v. Robins*, No. 08-cr-01497, 2014 WL 11790802, at *2 (C.D. Cal. May 27, 2014) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

### IV.  DISCUSSION

Ryan has demonstrated success both during and after his term of incarceration. Ryan availed himself of opportunities to address his substance abuse and to further his education while incarcerated. Following his release, Ryan gained employment at a technology company that provides a positive outlet for his entrepreneurial spirit and has opportunities for future career growth. Meanwhile, Ryan has had no positive drug screenings or violations of his supervised release. This kind of success goes beyond mere compliance and is commendable.

Ryan's desire to travel to visit his family and move to other areas of the country may not provide reason alone to terminate his term of supervised release. Ryan has not indicated that prior requests to travel to see family have been denied. As for his desire to move to another part of the state or country, Ryan's case was previously transferred to this district from the District of Idaho, and there is no indication that a future request to transfer to another district would be denied.

Ryan's desire to travel due to work, however, presents a different concern. Delays in confirming his availability to travel and the possibility of the denial of his requests may hinder his career advancement. Further, Ryan would likely need to disclose that he is on supervised release,

ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE
CASE NO. 20-cr-00209-RS-1

and thus his prior conviction as well, to his superiors who request that he travel in order to explain delays in confirming his availability. The stigma associated with such a disclosure could inhibit his career advancement. The terms of supervised release, which aim to aid a person in their transition to the community, should not hinder Ryan's career advancement.

The government argues that the court should consider the arguments Ryan made at sentencing before Judge Winmill concerning his youthful nature and difficulty envisioning long-term consequences. The government, however, has not pointed to any conduct since the time of Ryan's conviction in 2017 that demonstrates a continuing inability to envision long-term consequences. Nor has the government indicated that any of Ryan's post-conviction conduct demonstrates that he still needs to reflect on the seriousness of his offense or that he requires additional treatment or training to aid in his transition.  *See* 18 U.S.C. § 3553(a)(2).

Due to Ryan's commendable conduct while incarcerated and on supervised release, and the impact of the terms of supervised release on his ability to advance in his chosen career, early termination "is warranted by [Ryan's] conduct" and is in "the interest of justice." 18 U.S.C. § 3583(e)(1).

## V.  CONCLUSION

The motion for early termination of supervised release is granted.

**IT IS SO ORDERED**.

Dated: October 4, 2021

_____
RICHARD SEEBORG
Chief United States District Judge